UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENDALL GORDON                          CRIMINAL ACTION

VERSUS                                  NO: 12-2708

N. BURL CAIN, Warden,                   SECTION: R(1)
Louisiana State Penitentiary

## ORDER AND REASONS

Petitioner Kendall Gordon's moves the Court to permit him to
proceed *in forma pauperis* on appeal.[1]  Because the appeal is
taken in good faith and the costs of appeal would cause
petitioner an undue financial hardship, the Court GRANTS the
motion.

**I.   BACKGROUND**

Gordon is currently incarcerated at the Louisiana State
Penitentiary in Angola, Louisiana, after his conviction for
second degree murder under Louisiana law.[2]  On November 7, 2012,
Gordon filed a petition for writ of *habeas corpus.*[3]  Magistrate
Judge Shushan, having determined that an evidentiary hearing was
unnecessary, recommended that Gordon's petition for *habeas corpus*
be denied and dismissed with prejudice.[4]  This Court approved the
Magistrate Judge's Report and Recommendation and adopted it as

---

[1]     R. Doc. 20.

[2]     R. Doc. 14 at 1.

[3]     R. Doc. 1-2.

[4]     *Id.* at 26.

its opinion on June 17, 2013.[5]  The Court granted his

petitioner's motion for a certificate of appealability on

November 7, 2013.[6]  Petitioner now moves to proceed with his

appeal *in forma pauperis.*

## II.  STANDARD

A plaintiff may proceed with an appeal *in forma pauperis*

when he "submits an affidavit that includes a statement . . .

that [he] is unable to pay such fees or give security therefor."

28 U.S.C. § 1915(a)(1).  A district court has discretion in

deciding whether to grant or deny a request to proceed *in forma*

*pauperis.  See Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir.

1988); *Williams v. Estelle,* 681 F.2d 946, 947 (5th Cir. 1982).

The district court must inquire as to whether the costs of appeal

would cause an undue financial hardship.  *Prows,* 842 F.2d at 140;

*see also Walker v. Univ. of Tex. Med. Branch,* No. 08-417, 2008 WL

4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue

financial hardship' is not defined and, therefore, is a flexible

concept.  However, a pragmatic rule of thumb contemplates that

undue financial hardship results when prepayment of fees or costs

would result in the applicant's inability to pay for the

'necessities of life.'") (quoting *Adkins v. E.I. DuPont de*

---

[5]     R. Doc. 16.

[6]     R. Doc. 23.

*Nemours & Co.,* 335 U.S. 331, 339 (1948)).

## III. DISCUSSION

Gordon's motion to proceed *in forma pauperis* indicates that he had an average monthly balance of $0.00 for the six months before the motion's filing.[7]  Gordon reports no other accounts or resources, is not employed, and has a current account balance of $0.00.[8]  This suggests that he is unable to pay the costs of appeal.

Gordon's motion to proceed *in forma pauperis* establishes his inability to pay fees related to his appeal.  He has also indicated to the Court the issue he intends to pursue on appeal.[9]  The appeal states a claim on which relief may be granted and does not appear to be frivolous.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS petitioner's motion to proceed *in forma pauperis* on appeal.

New Orleans, Louisiana, this 27th day of November, 2013.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[7]     R. Doc. 20-2 at 2.

[8]     *Id.* at 1-2.

[9]     R. Doc. 24.

3